JOHN C. FRANKLIN, Col., *vs.* WARWICK & COVENTRY WATER COMPANY.

PROVIDENCE—AUGUST 5, 1903.

PRESENT: Stiness, C. J., Dubois and Blodgett, JJ.

(1) *Taxes. Assessment.*

Pub. Laws cap. 944 (1901), provides: "The town of West Greenwich by its assessors in office at the time of the passage of this act, or that shall be thereafter elected, is authorized to assess a tax for the year 1899 against the W. Co. at the rate of $1.25 on each $100 of the ratable property of said company owned by it in said town at the time the above-mentioned assessment of 1899 was made, etc.":—

*Held*, that the authority to make the assessment was expressly given to the town, which had first to decide when it would order an assessment; then, according to the time of the assessment, to which board it would commit such assessment; and that action by the board of assessors alone, without action by the town, was void.

ASSUMPSIT to recover a tax. Heard on petition of plaintiff for new trial, and petition denied.

STINESS, C. J.  The plaintiff's suit to recover a tax assessed by the town of West Greenwich was tried without a jury, and the trial judge gave judgment for the defendant upon two grounds:

(1)  That the town did not avail itself of the privilege granted by the General Assembly in Pub. Laws cap. 944 (1901); and

(2)  That the notice given by the assessors did not conform to the terms of the act.

The plaintiff petitions for a new trial.

(1)    The first section of the act provided: "The town of West Greenwich, by its assessors in office at the time of the passage of this act, or that shall be thereafter elected, is authorized to assess a tax for the year 1899 against the Warwick and Coventry Water Company, at the rate of $1.25 on each $100.00 of the ratable property of said company owned by it in said town at the time the above-mentioned assessment of 1899 was made, according to the full and fair cash value thereof at the time of said last-mentioned assessment."

The trial judge found that the town had taken no action at all. The plaintiff argues that the town had no need to act, because the assessors were authorized to act; and, hence, their act was the act of the town.

We do not think that this construction can be sustained. The authority to make the assessment was expressly given to the town. The town, under the act, could make the assessment or not, as it might decide. The words "by its assessors" relate not to the exercise of the discretion, but to the making of the assessment. This work might be done either by the assessors in office at the time of the passage of the act, or by those who should thereafter be elected, according to the time when the town should order the assessment. If the town acted at once, the assessors then in office were empowered to make the assessment. If it acted after their term of office had expired, then the assessment could be made by assessors thereafter elected. We do not see how the act can be construed in

any other way. It clearly calls for action by the town, because the authority to make the assessment is given to either one of two or more boards of officers. It could not be done by all, and neither one has the right of its own motion to exclude the others. The choice must be made by the town. As the trial judge properly said: "The choice between succeeding sets of instruments cannot be made by themselves." The town had two options, at least, under the act: one to decide when it would order an assessment; and the other, consequent upon this according to the time of the assessment, to which board it would commit the assessment. We are therefore of opinion that the action by a board of assessors alone, without action by the town, was void. Undoubtedly, as the plaintiff claims, the town had not to start *de novo* to assess a tax, but only to order an assessment according to the terms of the act, but authority to do this was vested only in the town by the provisions of the act. When this case was before us on demurrer to the declaration, *Franklin* v. *Warwick & Coventry Co.*, 24 R. I. 224, the court overruled the demurrer to the second count, because the count stated, in the words of the act: "the said *town* by its assessors in office at the time of the passage of said act . . . did, on the 23rd day of December, A. D. 1901, assess a tax for the year 1899 against said defendant." The case was properly stated, but the proof does not sustain the allegation of fact.

As this ground is decisive of the case, it is unnecessary to consider other questions which have been raised.

*George T. Brown, Elmer J. Rathbun,* for plaintiff.

*John J. Arnold,* for defendant.